**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN TRACY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 5052 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| P.O. MICHAEL HULL and the | ) | |
| CITY OF NAPERVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues the City of Naperville and one of its police officers, Michael Hull, pursuant to 42 U.S.C. § 1983 for their alleged violation of his Fourth Amendment rights, intentional infliction of emotional distress, and indemnification. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the first amended complaint. For the reasons set forth below, the Court grants in part and denies in part the motion.

**Facts**

On October 24, 2014, defendant Hull and plaintiff's landlord knocked on the door of plaintiff's home at 12 N. Main Street in Naperville, Illinois and "demand[ed] entry." (1st Am. Compl., Count I ¶¶ 5, 7, 9.) Plaintiff opened the door but refused to let them inside. (*Id.* ¶ 10; *see id.* ¶ 13.) Hull threatened to arrest plaintiff if he did not let them enter, so plaintiff stepped aside. (*Id.* ¶ 12.) Hull entered plaintiff's home, allowed plaintiff's landlord to enter, and "detained . . . Plaintiff at the entryway [of his home] without authority or probable cause." (*Id.* ¶ 14.)

Plaintiff complained to the Chief of the Naperville Police Department, but his complaint was ignored. (*Id.*, Count II ¶¶ 18-19.) Thereafter, Hull "on occasion followed the Plaintiff and appeared

at the Plaintiff's children's school to serve him with a ticket and have [sic] taken actions to intersect himself into the Plaintiff's child custody/visitation dispute." (*Id.* ¶ 20.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

**Federal Claims**

In Count I, plaintiff alleges that Hull illegally entered plaintiff's home ("search claim") and unlawfully detained plaintiff in the doorway of his home ("seizure claim"). To state a viable search claim, plaintiff must allege that Hull entered plaintiff's home without plaintiff's consent, a search warrant, or exigent circumstances. *See Leaf v. Shelnutt*, 400 F.3d 1070, 1081 (7th Cir. 2005) ("A warrantless entry into a private home constitutes a search and presumptively is unreasonable under the Fourth Amendment."); *Padilla v. City of Chi.*, 932 F. Supp. 2d 907, 923 (N.D. Ill. 2013) ("It has long been established that warrantless searches are unreasonable under the Fourth Amendment unless (1) exigent circumstances and probable cause exist or (2) consent is given.") (citation

omitted). Because plaintiff makes all of these allegations (*see* 1st Am. Compl., Count I ¶¶ 9-13), and the unlawfulness of a police officer's entering a home as plaintiff alleges was clearly established in 2014, defendants' motion to dismiss the search claim asserted against Hull is denied. *See Alvarado v. Litscher*, 267 F.3d 648, 652 (7th Cir. 2001) (stating that "[q]ualified immunity protects government officials from civil liability . . . so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To state a viable seizure claim against Hull, plaintiff must first allege that he was, in fact, seized, *i.e.*, that a reasonable person in his position would not have "'fe[lt] free to . . . terminate the encounter'" with Hull. *See White v. City of Markham*, 310 F.3d 989, 993 (7th Cir. 2002) (quoting *Florida v. Bostick*, 501 U.S. 429, 446-37 (1991)). Factors that might suggest a seizure has occurred include: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id.* at 994. Plaintiff does not allege that any of these factors were present in his encounter with Hull. Thus, he has not stated a plausible claim, within the meaning of *Iqbal* and *Twombly*, for unlawful seizure.

In Count IV, plaintiff asserts a § 1983 claim against Naperville, which requires allegations that Naperville deprived him of a constitutional right pursuant to one of its policies. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *see McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995) (stating that a policy for purposes of Monell is "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a

3

custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.") (quotations omitted). Plaintiff alleges that Naperville has a practice of failing to investigate citizen complaints about the police, which emboldened Hull to violate plaintiff's Fourth Amendment rights. But the only fact plaintiff alleges to support this assertion is that Naperville ignored his complaint about Hull. (1st Am. Compl., Count II ¶ 38; *id.*, Count IV ¶ 36.) Naperville's alleged disregard of a single complaint does not support the inference that it has a general practice of ignoring citizen complaints, let alone that any such practice caused the constitutional violation plaintiff alleges. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) (to allege a widespread practice, plaintiff must plead facts that suggest "there is a true municipal policy at issue, not a random event"). Accordingly, the Court grants Naperville's motion to dismiss Count IV.

**State Claims**

In Count II, plaintiff alleges that Hull intentionally inflicted emotional distress on him, a claim that requires allegations that Hull's conduct was extreme and outrageous, he intended to cause plaintiff severe emotional distress or knew that it was substantially certain to result, and plaintiff did, indeed, suffer extreme emotional distress. *See Public Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976). To state a claim, the challenged conduct must be so outrageous and extreme "as to go beyond all possible bounds of decency" and the resulting distress "so severe that no reasonable [person] could be expected to endure it." *Id.* (internal quotation marks and citations omitted). The Illinois courts have limited this tort to victims of only the most intolerable conduct. *Compare Pavilon v. Kaferly*, 561 N.E.2d 1245, 1251-52 (Ill. App. Ct. 1990) (upholding a claim asserted

4

against defendant who knew plaintiff was susceptible to emotional distress, repeatedly propositioned her and offered her money for sex, fired her when she refused his advances, threatened to kill and rape her, harassed her family and psychotherapist, threatened to challenge custody of her child, and harassed her new employer with letters, phone calls and spurious complaints to government officials), *with Miller v. Equitable Life Assur. Soc'y*, 537 N.E.2d 887, 888-90 (Ill. App. Ct. 1989) (plaintiff's allegations that her supervisors ridiculed her performance, denied her request for a transfer, refused to cooperate in recovering property that was stolen from her, forbade her to call the police when another employee physically attacked her, encouraged other insurance agents' harassment of her, and fired her when she reported other employees' fraudulent practices did not state a claim). Plaintiff's allegations that Hull "on occasion followed the Plaintiff and appeared at the Plaintiff's children's school to serve him with a ticket and have taken actions to intersect himself into the Plaintiff's child custody/visitation dispute," (1st Am. Compl., Count II ¶ 20), do not rise to the level of outrageousness necessary to support an intentional infliction of emotional distress claim.

In Count III, plaintiff alleges a statutory claim for indemnification against Naperville. *See* 745 Ill. Comp. Stat. 10/9-102 ("A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."). To the extent plaintiff seeks to be indemnified for anything other than an award of compensatory damages, *e.g.*, an award of punitive damages or attorney's fees, the claim is dismissed. *See* 745 Ill. Comp. Stat. 10/2-102 ("Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought

directly or indirectly against it by the injured party or a third party."); *Winston v. O'Brien*, 773 F.3d 809, 813 (7th Cir. 2014) (stating that the indemnification statute "does not mandate indemnification of attorney's fees.").

## **Conclusion**

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss [15]. The motion is granted with respect to: (1) the seizure claim against Hull in Count I, the intentional infliction of emotional distress claim in Count II, and the search and seizure claims against Naperville in Count IV, which are dismissed without prejudice; and (2) any claim for indemnification for punitive damages or attorney's fees in Count III, which is dismissed with prejudice. The motion is denied with respect to the search claim against Hull in Count I and the indemnification claim for compensatory damages against Naperville in Count III. Plaintiff has until October 12, 2015 to amend Counts I, II and IV in accordance with this Order, if he can do so and comply with Rule 11. If plaintiff fails to amend these claims, the Court will dismiss them with prejudice.

**SO ORDERED.**                                              **ENTERED: September 28, 2015**

_____
**HON. JORGE ALONSO
United States District Judge**