IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN TRACY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 5052 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| P.O. MICHAEL HULL and the | ) | |
| CITY OF NAPERVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues the City of Naperville and one of its police officers, Michael Hull, pursuant to 42 U.S.C. § 1983 for their alleged violations of his Fourth Amendment rights, false arrest, intentional infliction of emotional distress, and indemnification. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss portions of the second amended complaint. For the reasons set forth below, the Court grants the motion.

**Facts**

On October 24, 2014, defendant Hull and plaintiff's landlord knocked on the door of plaintiff's apartment in Naperville and "demand[ed] entry." (2d Am. Compl., Count I ¶¶ 5, 7, 9.) Plaintiff refused to let them inside. (*Id.* ¶ 10.) Hull threatened to arrest plaintiff if he did not let them enter, so plaintiff stepped aside. (*Id.* ¶ 12.) Hull entered plaintiff's home, allowed plaintiff's landlord to enter, and "prohibited [plaintiff] from going back into his own home." (*Id.* ¶ 13.) Plaintiff alleges that "[t]he expressed threat that he would be arrested if he interfered or entered his home reasonably convinced [him] that he had to stay, was not free to leave, and was being detained" while his landlord searched plaintiff's apartment. (*Id.* ¶ 14.)

Plaintiff complained to the Chief of the Naperville Police Department, but his complaint was ignored. (*Id.*, Count III ¶¶ 18-19.) Thereafter, Hull "on several occasions followed the Plaintiff" and "appeared at the Plaintiff's childrens' school outside [Hull's] jurisdiction to serve [plaintiff] with a ticket, and has taken actions to interject himself into the Plaintiff's child custody/visitation dispute." (*Id.* ¶ 20.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

Defendants move to dismiss the federal and state false arrest claims asserted in Counts I and II.[1] To state viable claims plaintiff must first allege that he was arrested, *i.e.*, that a reasonable person in his position would not have "'fe[lt] free to . . . terminate the encounter'" with Hull. *See White v. City of Markham*, 310 F.3d 989, 993-94 (7th Cir. 2002) (quoting *Florida v. Bostick*, 501 U.S. 429, 446-47 (1991)); *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1231 (Ill. 1990)

---

[1]The Court previously denied defendants' motion to dismiss the unlawful search claim asserted in Count I. (*See* 9/28/15 Mem. Op. & Order at 2-3.)

(stating that an "essential element[]" of a false arrest claim is that plaintiff was "restrained or arrested by the defendant"). Factors that might suggest an arrest has occurred include: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *White*, 310 F.3d at 994. Plaintiff does not allege that Hull was with other officers, displayed a weapon, touched plaintiff, or told plaintiff he was not free to leave. Rather, he alleges that Hull's threat to arrest plaintiff if he tried to enter the apartment "convinced Plaintiff that he . . . was not free to leave." (Compl., Count I ¶ 14.) In other words, plaintiff says he interpreted Hull's alleged order to stay out of the apartment to mean that he would be arrested if he left the apartment. That is not, however, an inference that Hull's alleged order can reasonably support. Accordingly, the Court grants defendants' motion to dismiss the false arrest claims.

Defendants' motion to dismiss the intentional infliction of emotional distress ("IIED") claim asserted in Count III is also granted. Plaintiff's allegations that Hull "on several occasions followed the Plaintiff" and "appeared at the Plaintiff's childrens' school outside [defendant's] jurisdiction to serve [plaintiff] with a ticket, and has taken actions to interject himself into the Plaintiff's child custody/visitation dispute" (2d Am. Compl., Count III ¶ 20), do not rise to the level of outrageousness necessary to support an intentional infliction of emotional distress claim. *See Public Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976) (to state an IIED claim, the challenged conduct must be so outrageous and extreme "as to go beyond all possible bounds of decency" and the resulting distress "so severe that no reasonable [person] could be expected to endure it." ) (internal quotation marks and citations omitted); *Pavilon v. Kaferly*, 561 N.E.2d 1245, 1251-52 (Ill. App. Ct.

3

1990) (upholding a claim asserted against defendant who knew plaintiff was susceptible to emotional distress, repeatedly propositioned her and offered her money for sex, fired her when she refused his advances, threatened to kill and rape her, harassed her family and psychotherapist, threatened to challenge custody of her child, and harassed her new employer with letters, phone calls and spurious complaints to government officials).

The Count V[2] § 1983 claim against Naperville is also dismissed. To state a viable claim, plaintiff must allege that Naperville deprived him of a constitutional right pursuant to one of its policies. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *see McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995) (stating that a policy for purposes of Monell is "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.") (quotation omitted). Plaintiff alleges that Naperville has a practice of failing to investigate citizen complaints about the police, which emboldened Hull to violate plaintiff's Fourth Amendment rights. (2d Am. Compl., Count V ¶¶ 29-32.) But the only fact plaintiff alleges to support this assertion is that Naperville ignored his complaint about Hull. As the Court said when it dismissed the previous iteration of this claim, "Naperville's alleged disregard of a single complaint does not support the inference that it has a general practice of ignoring citizen complaints, let alone that any such practice caused the constitutional violation plaintiff alleges." (*See* 9/28/15 Mem. Op. & Order at 4) (citing

---

[2]Defendants do not move to dismiss the state-law indemnification claim asserted against Naperville in Count IV.

*Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005)). Accordingly, the Court grants Naperville's motion to dismiss Count V.

**Conclusion**

For the reasons set forth above, the Court grants defendants' motion to dismiss [22] and, because plaintiff has been unable to state viable claims despite several opportunities to do so, dismisses with prejudice the state and federal false arrest claims asserted in Counts I and II, the IIED claim asserted in Count III, and the § 1983 claims asserted against Naperville in Count V. The only claims that remain in this suit are the § 1983 unlawful search claim against Hull and indemnification claim against Naperville.

**SO ORDERED.**                                    **ENTERED: November 24, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**