IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN TRACY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 CV 5052 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| OFFICER MICHAEL HULL and the | ) | |
| CITY OF NAPERVILLE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Tracy filed a five-count second amended complaint alleging that defendants Officer Michael Hull and the City of Naperville violated Tracy's constitutional rights under 42 U.S.C. § 1983. In November 2015, the Court dismissed three of plaintiff's claims and set an October 2016 trial date on the remaining claims for unreasonable search and indemnification. After re-deposing plaintiff, defendants filed a motion for summary judgment, and the trial date was stricken. For the reasons set out below, the Court grants defendants' motion for summary judgment.

## BACKGROUND

Plaintiff alleges that his Fourth Amendment right to be free from unreasonable searches was violated when Officer Hull entered his home without permission in October 2014. (2d Am. Compl. ¶¶ 7-18.) In March 2014, plaintiff began leasing an apartment at 12 North Main Street in Naperville, Illinois from landlord Michael Marks. (Defs.' SOMF ¶ 6.)[1] On October 22, 2014, plaintiff was given proper notice of the landlord's intention to inspect the apartment plaintiff had

---

[1] Plaintiff has not responded to defendants' statement of material facts or submitted any additional facts pursuant to LR 56.1(b)(3). Accordingly, the Court deems all of defendants' facts admitted. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 735 F.3d 962, 965 (7th Cir. 2013).

been renting from him.  (*Id*. ¶¶ 10-11.)  On October 24, 2014, the landlord arrived at plaintiff's front door to inspect and take photos of the apartment for an appraisal.  (*Id*. ¶¶ 12-13.)  When the landlord arrived, plaintiff stepped onto the front porch to speak to him.  (*Id*. ¶¶ 14-15.)  Officer Hull was with the landlord, and after plaintiff stepped onto the porch, Hull moved behind him.  (*Id*. ¶¶ 16-17.)  The landlord entered the premises[2] and Hull positioned himself in the doorway facing out, but did not enter the home and never touched plaintiff.  (*Id*. ¶¶ 18-27, 31.)  The door to the premises remained open throughout the duration of the landlord's ten- to fifteen-minute inspection.  (*Id*. ¶¶ 20, 28.)

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party.  *See Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014).  "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Talanda v. KFC Nat'l Mgmt. Co.*, 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014).  The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question[.]"  *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013).

---

[2] The landlord was not acting on behalf of the Naperville police when he inspected the apartment.  (Defs.' SOMF ¶ 29.)

2

## DISCUSSION

Defendants argue that plaintiff's claim fails because Officer Hull never entered the premises and the landlord had express permission to enter the premises. (Defs.' Mem. at 3.) Plaintiff contends that even though he admits that Hull did not go through the home with the landlord, there is a question of fact as to whether Hull unlawfully entered the premises. (Pl.'s Resp. at 2.) In their reply, defendants assert that courts have repeatedly held that an open doorway constitutes "outside" for purposes of the Fourth Amendment and that Officer Hull did not cross the threshold of plaintiff's home. (Defs.' Reply at 1, 3.)

"The Fourth Amendment . . . provides that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]'" *Bleavins v. Bartels,* 422 F.3d 445, 450 (7th Cir. 2005) (quoting U.S. Const. amend. IV). "A search occurs when the government invades a person's reasonable expectation of privacy . . . or physically intrudes into a constitutionally protected area in order to obtain information." *United States v. Correa,* No. 11 CR 750, 2015 WL 300463, at *2 (N.D. Ill. Jan. 21, 2015) (citing *United States v. Jacobsen,* 466 U.S. 109, 113 (1984) and *United States v. Jones,* 132 S. Ct. 945, 951 (2012)). "The touchstone of Fourth Amendment inquiry is reasonableness, a standard measured in light of the totality of the circumstances and determined by balancing the degree to which a challenged action intrudes on an individual's privacy and the degree to which the action promotes a legitimate government interest." *Green v. Butler,* 420 F.3d 689, 694 (7th Cir. 2005).

No reasonable juror could find that Officer Hull conducted an unreasonable search. Plaintiff testified that the entry to his apartment had a wooden exterior door and a screen door. (Defs.' SOMF, Ex. 2, Tracy Dep. at 27 ll. 17-23.) When the landlord arrived, the wooden door was open, and plaintiff heard pounding on the screen door. (*Id.* at 26 ll. 1-2; 28 ll. 1-3.) Plaintiff

came to the door and saw his landlord through the screen door and walked "fully out onto the front porch." (*Id.* at 29 l. 23-30 l. 1.) According to plaintiff, Hull "slipped" behind him and "stood in [the] doorway[.]" (*Id*. at 31 ll. 17-19.) The screen door did not close, and the landlord entered the apartment behind Hull. (*Id*. at 32 ll. 16-23.) Plaintiff testified that Hull was standing "inside the screen door area" and "believe[d]" the officer was positioned where the wooden door would have been if it were shut. (*Id*. at 41 ll. 21-22; 42 ll. 3-5.) Hull stood in the doorway facing outward, blocking plaintiff from entering while the landlord inspected the apartment. (*Id*. at 47 ll. 4-13.) The inspection lasted ten to fifteen minutes, and plaintiff was neither arrested nor detained.[3]

There is no evidence before the Court to suggest that Officer Hull entered the apartment to conduct a search, or that his mere presence in the doorway of the apartment was a violation of plaintiff's reasonable privacy expectations when he knew the landlord was coming to inspect the apartment. The wooden door was open before Hull and the landlord arrived and plaintiff willingly stepped out onto the porch. Accordingly, the Court grants Hull's motion for summary judgment. *See Simmons v. Catton,* 764 F. Supp. 2d 1012, 1018-19 (C.D. Ill. 2011) (granting summary judgment to officer when his "presence on Plaintiff's property did not represent a significant intrusion into Plaintiff's privacy" because the officer did not enter plaintiff's home and at most looked into plaintiff's window and around the yard); *Stepney v. City of Chi.,* No. 07 C 5842, 2010 WL 4226525, at *4 (N.D. Ill. Oct. 20, 2010) (granting summary judgment to officer who was standing in plaintiff's backyard and did not conduct a search); *Johnson v. City of Prospect Heights,* No. 05 C 5715, 2008 WL 4379043, at *4 (N.D. Ill. Mar. 21, 2008) (holding that defendant officer did not conduct an unreasonable search and stating even though officer may have stood in the doorway of plaintiff's home, "[t]here [were] no allegations or any factual

---

[3] Plaintiff's unlawful seizure claim was dismissed in September 2015 [19]. Plaintiff's false arrest claims were dismissed in November 2015 [31].

evidence that [the officer] went beyond [this] very minimal intrusion"). Because the Court has found that there is no issue of material fact as to whether a constitutional violation occurred, summary judgment in favor of the City will be entered on the indemnification count. *See Askew v. City of Chi.,* No. 04 C 3863, 2005 WL 1027092, at *10 (N.D. Ill. Apr. 6, 2005) (granting summary judgment in favor of the City on indemnification when summary judgment was granted in favor of the officer defendants).

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment [62] is granted. Civil case terminated.

**SO ORDERED.**  **ENTERED: July 19, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**